UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGELA LYNN BUTLER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 20-10836
Hon. Denise Page Hood

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION

This matter is before the Court on Magistrate Judge Patricia T Morris' Report and Recommendation. **[ECF No. 16]** Plaintiff Angela Lynn Butler filed timely objections to the Report and Recommendation. **[ECF No. 17]** Defendant Commissioner of Social Security filed a response to the objections. **[ECF No. 18]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve

conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons.

Plaintiff's first objection is that the ALJ erred in finding that the opinion of Kimberly Pace was not a medical opinion and that the ALJ failed to properly discuss Ms. Pace's opinion under the requirements of § 404.1520(c)(1). The Court finds that the Magistrate Judge did not err in finding that the ALJ complied with the regulations in discounting the opinion of Ms. Pace, an occupational therapist who examined Plaintiff once, finding that Plaintiff was limited to a "less than sedentary" functional capacity. The Court further finds that the Magistrate Judge did not err in finding that the ALJ properly found that Ms. Pace's report and her conclusions were not supported by the medical evidence. The Magistrate Judge properly found that the ALJ reviewed Plaintiff's treatment records when compared to Ms. Pace's report and that the ALJ's conclusions were based on the objective findings of the Plaintiff's medical and treatment records. The Magistrate Judge did

2

not err in finding that the ALJ properly weighed the evidence in finding that Ms. Pace's report was not supported by objective medical and treatment records, in addition to four MRIs, CT scan of the lumbar spine, MRI of Plaintiff's sacroiliac joints, two EMG tests, and two nerve conduction studies. Plaintiff's own testimony that she is able to walk for ten minutes without stopping, stand for ten minutes without sitting and sit for ten to fifteen minutes without standing, and perform light housework, shopping, shows that Ms. Pace's opinion is inconsistent. The administrative finding of a state agency consultant, Dr. G. Williams, further supported the ALJ's finding that Plaintiff was capable of a range of sedentary work, contrary to Ms. Pace's opinion. The Court overrules Plaintiff's Objection No. 1.

Plaintiff's second objection is that the Magistrate Judge erred in relying on *post hoc* rationalizations and arguments which were not used by the ALJ to conclude that the determination that Plaintiff could perform sedentary work was supported by substantial evidence. The Court finds that the Magistrate Judge did not engage in *post hoc* rationalization in the Report and Recommendation. The Magistrate Judge did not raise any new arguments which were not before the ALJ. Rather, the Magistrate Judge cited evidence which was on the record before the ALJ. The ALJ noted Plaintiff's treatment record that she was receiving pain

3

management services by Jeffrey Rosenberg, M.D. in October 2014. The Magistrate Judge noted Dr Rosenberg's records that Plaintiff's gait and station were steady at that time, which the Magistrate Judge found was inconsistent with Ms. Pace's opinion. The Court overrules Plaintiff's Objection No. 2 and Plaintiff's request to remand is denied.

Having reviewed the Report and Recommendation, Plaintiff's Objections and the Commissioner's response to the Objections, the Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law. The Court finds that the Magistrate Judge reached the correct conclusions for the proper reasons that the ALJ's decision was based on substantial evidence. The Court agrees with the ALJ that although Plaintiff had severe impairments, Plaintiff did not have an impairment or combination of impairments that met the listed impairments as required in step three of the five-step sequential evaluation of the evidence. The Court further agrees that the ALJ's conclusion that Plaintiff has the residual functional capacity to perform sedentary work, with certain restrictions, is capable of performing other jobs that exist in significant numbers in the national economy.

For the reasons set forth above,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Patricia T. Morris **[ECF No. 16]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[ECF No. 17]** are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[ECF No. 11]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[ECF No. 14]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED** with prejudice and this action is designated as **CLOSED** on the Court's docket.

S/Denise Page Hood  
Denise Page Hood  
Chief United States District Judge

Dated: September 30, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record or party on September 30, 2021, by electronic and/or ordinary mail.

S/Teresa McGovern  
Case Manager